## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JOSE R. ROSADO,

                                                    CASE NO.:

        Plaintiff,

v.

THOMAS B. MODLY, ACTING SECRETARY,
DEPARTMENT OF THE NAVY,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. This is a suit for damages and injunctive relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., and the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq., brought to remedy discrimination in employment on the basis of race, national origin, age, and reprisal.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(a)(3) and (4), Title VII.

### PARTIES

3. Plaintiff is a 62 year old Hispanic, male citizen of the United States. His national origin is Colombia, South America. At all times relevant to this Complaint, Plaintiff resided in Orange Park, Clay County, Florida.

4. Defendant, THOMAS B. MODLY, ACTING SECRETARY, DEPARTMENT OF THE NAVY,, is an agent of the United States Government who heads an agency

headquartered in Washington, D.C. At all times relevant to this Complaint, Defendant, Thomas B. Modly, Acting Secretary, Department of the Navy, or his predecessor was Plaintiff's employer.

## CONDITIONS PRECEDENT

5.   Plaintiff filed timely administrative charges of employment discrimination with the Department of the Navy.  The Defendant issued Final Agency Decisions regarding Plaintiff's claims and Plaintiff appealed these Final Agency Decisions to the EEOC Office of Federal Operations. This lawsuit was filed within 90 days of Plaintiff's receipt of the decisions of the EEOC Office of Federal Operations.  All conditions precedent have been complied with and this lawsuit is timely filed.

## STATEMENT OF FACTS

6. For the last twelve (12) years, Plaintiff has been employed as an IT Specialist with the Naval Facilities Engineering Command, Southeast, (NAVFAC SE) United States Department of the Navy, in Jacksonville, Florida. Plaintiff's position included working as an information systems specialist providing information technology, security groups and file share management, acquisition and telecommunications support services for computer hardware and software, networking, wireless and land line communications and all technology related equipment to approximately 1900 users.

7. Prior to Plaintiff's employment with NAVFAC SE, he worked for the Agency providing IT and telecommunications support services as a System Administrator for over three years at the Navy Recruiting District in Jacksonville, Florida, and a Computer Specialist for the Personnel Support Detachment at NAS JAX for over three years. Plaintiff began his career as a federal civilian employee in or about August, 2000, as an Electronic Mechanic, at the Naval

Aviation Depot, NAS JAX, Jacksonville, Florida. Prior to Plaintiff employment as a federal civilian employee, he was employed for approximately two and a half years as a Computer Specialist as a federal contract employee located at Naval Aviation Depot, NAS JAX, Jacksonville, Florida. Plaintiff spent approximately 20 years in the United States Marine Corps beginning in 1978, working in various capacitates related to computer and electronic repair and maintenance culminating in a position as Electronics Maintenance Instructor at the Marine Corps Communications Electronics School in Twentynine Palms, California. Throughout the course of his military and civilian service, Plaintiff has received numerous medals, awards and commendations during each year of his employment with Defendant with the notable exception of the years when the initial EEO complaint he filed was being investigated and concluded, i.e., 2012 and 2013.

8. At or about the general time frame of Plaintiff's 2011 monetary performance award, Plaintiff initiated a complaint of discrimination alleging violations or Title VII and the Equal Pay Act. During the years this complaint was investigated and processed through the EEOC hearing (2012 & 2013), Plaintiff received no medals, commendations or awards. This EEO complaint, Agency No. 11-69450-03092, was filed by Plaintiff on or about October 14, 2011. Plaintiff's formal EEO was acknowledged by the Agency and forwarded for investigation on January 26, 2012.

9. On or about April 24, 2012, Plaintiff was issued a Letter of Counseling (LOC) by Ms. Venita Hollinger, Supervisory Information Technology (IT) Specialist. The LOC was issued to Plaintiff for having allegedly engaged in disrespectful conduct during a meeting with Plaintiff's supervisor, Mr. Jeffrey Kohler, Supervisory IT Specialist. Plaintiff had never previously received any previous disciplinary action during his employment with the Agency and Ms. Hollinger was

neither Plaintiff's supervisor nor a witness to the alleged incident. Plaintiff's communications during the meeting with Mr. Kohler were not disrespectful and other employees had engaged disrespectful conduct who were not given a Letter of Counseling.

10. On or about June 5, 2013, a co-worker falsely accused Plaintiff of unprofessional conduct. Plaintiff notified his supervisor, Mr. Jeffrey Kohler, Supervisory IT Specialist, of the incident, however, no prompt remedial action was taken nor was anything else done to address the false allegation made against Plaintiff.

11. In December 2013, Plaintiff was verbally counseled by his first level supervisor, Mr. Jeffrey Kohler, due to an alleged verbal confrontation with a co-worker. Despite the fact that Mr. Kohler had witnessed the incident and had warned the co-worker to stop, Mr. Kohler subsequently sent Plaintiff an email on or about December 4, 2013, implying that Plaintiff was at fault for initiating the incident. This incident occurred several days after Plaintiff requested the EEOC to conduct a hearing on his pending Title VII and Equal Pay Act claim and approximately 70 days after Mr. Kohler provided his affidavit to the EEO investigator regarding Plaintiff's complaint.

12. On or about July 2, 2014, Plaintiff was denied a desk audit as an IT Specialist, GS-2210-11. Plaintiff had requested the desk audit several months earlier because his position description did not accurately reflect his job duties and responsibilities. Plaintiff's supervisor, Mr. Jeffrey Kohler, Supervisory IT Specialist, denied Plaintiff's request falsely stating that Plaintiff's job description was accurate and that there was no need for a desk audit.

13. On or about July 21, 2014, a co-worker falsely accused Plaintiff of making a threat and as a result, Plaintiff was placed on administrative leave. Plaintiff denied making a threat as alleged, yet Defendant improperly ordered Plaintiff to submit to a competency for duty

examination. Plaintiff was not allowed to return to work until he submitted to such examination. Plaintiff returned to work on or about August 4, 2013, after the Agency physician examined Plaintiff and determined that the examination was normal and that Plaintiff was "competent to stand duty."

14. As a result of the above referenced harassment and discrimination, beginning in or about September, 2012, Plaintiff began requesting reassignment and/or transfer to another position. All of Plaintiff's requests for reassignment and/or transfer have been denied or ignored. For example, on or about July 22, 2014, Plaintiff was denied reassignment by Mr. David Glober, Business Manager, despite having reached agreement with the gaining supervisor, Mr. Eric Denfield, to accept Plaintiff's transfer. In a continuing effort to obtain another position in order to escape the above referenced harassment and discrimination, Plaintiff began submitting applications for vacant or newly created positions beginning in 2014.

15. On or about September 10, 2014, Plaintiff was learned that he was not selected for an IT Specialist position, GS-2210-12, under Vacancy ID # 1082872, for which Plaintiff had previously applied. Plaintiff was substantially better qualified for this position than the selectee, Mr. Lewis Fleming, in that Plaintiff had more experience and possessed all the required certifications for the position. Shortly after his hire as a GS-12 employee, Mr. Lewis expressed a lack of knowledge regarding the job for which he had been hired and he was thereafter transferred to the same department where Plaintiff was located to fill the same position occupied by Plaintiff (as a GS-11 employee) that was the subject of Plaintiff Equal Pay complaint. In fact, Plaintiff assisted in training Mr. Lewis for the job. Mr. Fleming lacked all certifications required for the position posted under Vacancy ID #1082872 and had substantially less overall experience and substantially less experience at NAVFAC Southeast. On or about September 26, 2014,

Plaintiff's supervisor refused to provide Plaintiff a debrief concerning his non-selection for this IT Specialist, GS-2210-12, position.

16. On or about October 15, 2014, Plaintiff was again harassed by the same co-worker referenced in paragraph ten (10), supra, through the submission of a spurious complaint to Plaintiff's supervisor, Ms. Andrea Freeman. Despite an investigation by Ms. Freeman, no prompt remedial action was taken again the co-worker for submitting the spurious complaint against Plaintiff.

17. On or about April 1, 2015, Plaintiff's supervisor, Ms. Andrea Freeman, berated him during a group meeting and stated, "If you don't want to be here, the door is open. I'm tired of people walking on egg shells, I'm not going backwards, we are moving forward. I'm not afraid of EEO or the union, bring it on."

18. On or about April 7, 2015, Plaintiff learned that he was not selected for an IT Specialist (SYSADMIN/NETWORK) position, GS-2210-12, under Vacancy ID # 1276490. Plaintiff had applied for this position and was referred to management for selection consideration after the Agency determined he was qualified. The job announcement to which Plaintiff responded when he applied for the position stated that there was only one vacant position available. However, there were at least two (2) or more vacant positions available to be filled. Plaintiff was not informed prior to the selection that there was more than one vacancy. Despite Plaintiff's application and his referral for selection consideration, the Defendant selected two less qualified, substantially younger male candidates whom were neither Hispanic nor of Colombian origin. Moreover, both of these individuals were directly selected by Ms. Andrea Freeman without going through the typical or normal selection panel and interview process whereby a panel of at least three Agency employees reviews the candidates' resumes and

conducts interviews to determine their suitability for the positions. The first of these selectees was immediately reassigned to Plaintiff's department. The second selectee was also subsequently reassigned to Plaintiff's department within approximately 90 days of his selection. Thus, two more GS-12 positions were brought into Plaintiff's department when Plaintiff was significantly more experienced and qualified regarding the department's duties and responsibilities despite his status as a GS-11 employee.

19. On or about August 10, 2015, in an apparent effort to assuage Plaintiff's concerns regarding his previous non-selections, Plaintiff was offered a temporary promotion to IT Specialist, GS-220-12. Although Plaintiff accepted the offer and worked in the temporary position, he was never compensated for the work nor did Defendant complete the necessary paperwork confirming the temporary promotion.

20. On or about June 26, 2015, Plaintiff became aware he was not afforded the opportunity to compete for the GS-2210-12 Information Technology (IT) Specialist position to which Mr. Leon Ravenscroft was promoted and converted to a career conditional employee. Mr. Ravencroft was one of three (3) consecutive hires into the GS-2210-12 IT Specialist position sought by Plaintiff who effectively were not required to compete for the positions in the sense that he was selected without consideration of the qualifications of Plaintiff or the other applicants by a selection panel or other scoring or rating process.

21. On or about January 25, 2018, Plaintiff learned that he was not selected for the position of Supervisory IT Specialist, GS-2210-13, #ST-10082304-18-CJW. The selectee, Mr. Anthony Joshua, was one of the same individuals previously name selected by Plaintiff's second level supervisor, Andrea Freeman, referenced in paragraph eighteen (18), supra. Mr. Joshua was

the individual who was immediately reassigned to Plaintiff's department after his initial selection for the GS-12 position in April, 2015.

## COUNT I

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 2000e ET SEQ.,**

22.   Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 21.

23. Plaintiff was harassed, discriminated against, and otherwise subjected to different terms and conditions of employment than other employees outside of his protected class. Defendant's actions as described, supra, were due to Plaintiff race, national origin and reprisal for his prior protected activity.

24. As a result of said discrimination, the Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands a trial by jury on issues so triable, and relief in the form of economic damages, lost wages, backpay, compensatory and emotional distress damages, prejudgment interest, attorney's fees and costs with interest thereon, equitable relief, and any other such relief that the Court deems just and proper.

## COUNT II

**DISCRIMINATION BASED ON AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED, 29 U.S.C. §621 ET SEQ.**

25.   Plaintiff hereby restates and realleges each and every factual allegation contained in paragraphs 1 through 21.

26. Plaintiff was harassed, discriminated against, and otherwise subjected to different terms and conditions of employment than other employees outside of his protected class. Plaintiff's age was a motivating factor in the Defendants' decisions to deny him promotions, transfers or reassignments and for the other conduct described herein.

27. As a result of said discrimination, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands relief in the form of economic damages, back pay and front pay with interest thereon, and attorney's fees and costs, injunctive relief, prejudgment interest, and such other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

ARCHIBALD J. THOMAS, III, P.A.
Suite 255, The Quadrant
4651 Salisbury Road
Jacksonville, Florida 32256
(904) 674-2222
(904) 398-3271 (Facsimile)

/s/ Archibald J. Thomas, III
Archibald J. Thomas, III
Florida Bar No. 231657
thomas@job-rights.com
Samuel Kanupp
Florida Bar No. 0067216
samuel@job-rights.com

Trial Attorneys for Plaintiff