**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOSE R. ROSADO,

    Plaintiff,

vs.

                                Case No. 3:19-cv-1428-J-34PDB

THOMAS B. MODLY, Acting Secretary,
Department of the Navy,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on December 12, 2019, by filing a two-count Complaint for race, national origin, and age discrimination, as well as retaliation. See Complaint and Demand for Jury Trial (Doc. 1). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." In Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun" pleadings. See Weiland, 792 F.3d at 1321-23. As relevant here, one such type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322-23 n.13 (collecting cases). Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." See Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity

and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (internal footnote omitted)).

Here, Count I of the Complaint, titled "Violation of Title VII of the Civil Rights Act of 1964, as Amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e et seq." appears to combine three discrete causes of action into one count—disparate treatment based on race, disparate treatment based on national origin, and retaliation. See Complaint ¶ 23.[1] Notably, the Court has previously admonished Plaintiff's counsel that this manner of pleading is improper. See Mathis v. City of St. Augustine Beach, No. 3:13-cv-1015-J-34JRK, 2015 WL 1470762, at *19 n.25 (M.D. Fla. Mar. 31, 2015) (noting that counsel improperly combined "two distinct discrimination claims—disparate treatment and retaliation," in one count, "contrary to the provisions of Rule[s] 8 and 10(b)"). The Court explained that "where a plaintiff asserts multiple claims for relief, a properly drafted pleading 'will present each claim for relief in a separate count as required by Rule 10(b).'" Id. (quoting Anderson, 77 F.3d at 366); see also Palmer v. Albertson's LLC, 418 F. App'x 885, 889 (11th Cir. 2011) (rejecting plaintiff's argument that he had adequately alleged a hostile work environment claim where the complaint contained only two counts—disability discrimination and retaliation). The Court also noted the "indiscriminate manner" in which counsel drafted the complaint by "includ[ing] all factual allegations relevant to [the plaintiff's] sex discrimination and retaliation claims under the headings of each of the three Counts."

---

[1] Count II appears to assert a claim for disparate treatment based on age. Although both Counts I and II refer to harassment, the Court does not understand either Count to allege a claim for hostile work environment. See Palmer v. Albertson's LLC, 418 F. App'x 889, 899-90 (11th Cir. 2011) (finding that the mere use of the words "harassed" and "hostile" in a discrimination claim "neither stated a plausible claim for relief nor provided [defendant] with sufficient notice to defend against a harassment or hostile work environment claim"). If Plaintiff intends to assert a claim for hostile work environment, and can do so consistent with Rule 11, Plaintiff must set forth that claim in a separate count and identify the specific factual allegations on which such claim is based.

See Mathis, 2015 WL 1470762, at *19 n.25. The Court stated that "[i]n the future, counsel for Plaintiff would be well advised to consider the Eleventh Circuit's admonishment" in Palmer. Id. (citing Palmer, 418 App'x at 889 ("Where a plaintiff has alleged a host of claims based on discrete facts of discrimination in just one count, we have noted that the plaintiff failed to comply with Rules 8 and 10.")). Because Plaintiff's counsel failed to heed the Court's warnings in the instant Complaint, the Court will strike the Complaint and direct Plaintiff to file an amended complaint that sets forth each of his claims for relief in a separate count, and incorporates only the factual allegations pertinent to each count. See Anderson, 77 F.3d at 367 n.5 (noting that when faced with a shotgun pleading the district court should sua sponte strike the pleading and direct the plaintiff to file a more definite statement). Accordingly, it is

**ORDERED**:

1. The Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **January 16, 2020**. Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on December 17, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

lc11
Copies to: