United States District Court
Middle District of Florida
Jacksonville Division

**JOSE R. ROSADO,**

    *Plaintiff,*

V.                                      **NO. 3:19-cv-1428-MMH-PDB**

**CARLOS DEL TORO, SECRETARY,
DEPARTMENT OF THE NAVY,**

    *Defendant.*

## Report and Recommendation

The Court earlier granted summary judgment in favor of the defendant on all claims. Docs. 58, 59. He now moves under Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920, and Local Rule 7.01 for **$1,216.70** in costs for (1) obtaining two deposition transcripts used to support the motion for summary judgment and (2) providing images of electronically stored records. Doc. 60 (motion), Doc. 61 (proposed bill of costs). He provides invoices for the deposition transcripts, which total $1,150.90 ($846.26 + $304.64). Doc. 61 at 3–5. The record production occurred during discovery at a cost of $65.80 (470 pages at $0.14 a page). Doc. 60 at 3. The defendant's counsel declares under penalty of perjury that the costs "are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." Doc. 61 at 1. The plaintiff does not oppose the requested relief. Doc. 60 at 3.

Rule 54(d)(1) provides that costs "should be allowed to the prevailing party" unless federal law or a court order provides otherwise. Using "should" clarifies that "whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Rev. Corp.,* 568 U.S. 371, 377 (2013). The party requesting an award of costs has the burden of submitting a request that enables the court to determine what costs were incurred by the party and the party's entitlement to an award of those costs. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

The items that may be taxed as costs are limited to the items enumerated in 28 U.S.C. § 1920. *Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.* 249 F.3d 1293, 1296 (11th Cir. 2001). Among those items, a court may tax fees "for printed or electronically recorded transcripts" and "for exemplification and the costs of making copies of any materials" where the items "are necessarily obtained for use in the case." 28 U.S.C. § 1920 (2), (4).

"Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964), *disapproved of on another ground by Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 443 (1987). A court has "great latitude and discretion" in determining whether a transcript or copy was necessarily obtained for use in the case. *United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963). A court does not abuse its discretion in taxing costs for deposition transcripts used in connection with a summary judgment motion. *See, e.g., U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). A prevailing party may be reimbursed for the cost of photocopying attributable to discovery. *Id.* at 623. Courts have found $0.14 a page is reasonable. *See, e.g., Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1336 (S.D. Fla. 2009).

The Court may tax $1,150.90 for the transcripts as "Fees for printed or electronically stored transcripts necessarily obtained for use in the case" and $65.80 as "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Doc. 61 at 1. The amounts appear reasonable, and the plaintiff does not contend otherwise.

The undersigned recommends **granting** the motion, Doc. 60; **taxing costs** in favor of Carlos Del Toro, Secretary, Department of the Navy, and against Jose R. Rosado in the amount of **$1,216.70**; and **directing** the Clerk of Court to enter judgment accordingly.

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on December 9, 2022.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   The Honorable Marcia Morales Howard

3